**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1937**

———————

HENRI THOKA; THERESE DJUNKEU; I.C.P.T.,

Petitioners,

versus

ALBERTO R. GONZALES, United States Attorney
General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A79-474-539; A78-743-982; A78-743-983)

———————

Submitted:  May 25, 2007          Decided:  June 26, 2007

———————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner.  Rod J. Rosenstein, United States
Attorney, Emily N. Glatfelter, Assistant United States Attorney,
Greenbelt, Maryland, for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henri Thoka, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

Thoka challenges the Board's determination that he failed to establish his eligibility for asylum. To obtain reversal of an adverse eligibility determination, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that it does not compel a contrary result.

Similarly, as Thoka does not qualify for asylum, he is ineligible for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of

---

[*]Thoka's wife, Therese Djunkeu, and his daughter, I.C.P.T., are derivative petitioners. 8 U.S.C.A. § 1158(b)(3)(A) (West 2005); 8 C.F.R. § 1208.21(a) (2006). Both are natives and citizens of Cameroon.

removal under [8 U.S.C.] § 1231(b)(3) [(2000)]." <u>Camara</u>, 378 F.3d at 367.

Finally, we hold that substantial evidence supports the Board's finding that Thoka failed to meet the standard for relief under the Convention Against Torture. To secure such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Thoka failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>